APPEAL,CLOSED,CV,HABEAS

# U.S. District Court
# U.S. District of Minnesota (DMN)
# CIVIL DOCKET FOR CASE #: 0:26−cv−00738−NEB−DTS
## *Internal Use Only*

Cazales Diaz v. Blanche et al
Assigned to: Judge Nancy E. Brasel
Referred to: Magistrate Judge David T. Schultz
Cause: 28:2241 Petition for Writ of Habeas Corpus (federal)

Date Filed: 01/27/2026
Date Terminated: 02/01/2026
Jury Demand: None
Nature of Suit: 463 Habeas Corpus − Alien Detainee
Jurisdiction: U.S. Government Defendant

**Petitioner**

**Hilario Cazales Diaz** represented by

**Luke Grundman**
Mid−Minnesota Legal Aid
111 North Fifth Street
Suite 100
Minneapolis, MN 55403
612−746−3640
Email: lgrundman@mylegalaid.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary Kaczorek**
Mid−Minnesota Legal Aid
430 1st Avenue North
Ste 300
Minneapolis, MN 55418
612−746−3619
Email: mkaczorek@mylegalaid.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**Todd Blanche** represented by

**David W Fuller**
United States Attorney's Office
300 S 4th St Ste 600
Minneapolis, MN 55415
612−664−5627
Fax: 612−664−5787
Email: david.fuller@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David R. Hackworthy**
Department of Homeland Security

DOJ Sausa
200 S 4th Street
Suite 600
Minneapolis, MN 55415
612−664−5600
Email: david.r.hackworthy@ice.dhs.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jesus Cruz Rodriguez**
DOJ−USAO
U.S. Attorney Office
300 South 4th Street
Ste 600
Minneapolis, MN 55415
612−664−5600
Email: jesus.cruz.rodriguez@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ana H Voss**
United States Attorney's Office
300 S 4th St Ste 600
Minneapolis, MN 55415
612−664−5600
Fax: 612−664−5788
Email: ana.voss@usdoj.gov
*TERMINATED: 03/02/2026*

**Julie T Le**
United States Attorney's Office
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
612−664−5600
Email: julie.le@usdoj.gov
*TERMINATED: 03/02/2026*

**Respondent**

**David Venturella**
*Acting Director of Immigration and Customs Enforcement*

represented by **David W Fuller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David R. Hackworthy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jesus Cruz Rodriguez**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Ana H Voss**
(See above for address)
*TERMINATED: 03/02/2026*

**Julie T Le**
(See above for address)
*TERMINATED: 03/02/2026*

**Respondent**

**Markwayne Mullin**
*Secretary, U.S. Department of Homeland Security*

represented by

**David W Fuller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David R. Hackworthy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jesus Cruz Rodriguez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ana H Voss**
(See above for address)
*TERMINATED: 03/02/2026*

**Julie T Le**
(See above for address)
*TERMINATED: 03/02/2026*

**Respondent**

**David Easterwood**
*Acting Director, St. Paul Field Office Immigration and Customs Enforcement*

represented by

**David W Fuller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David R. Hackworthy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jesus Cruz Rodriguez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ana H Voss**

(See above for address)
*TERMINATED: 03/02/2026*

**Julie T Le**
(See above for address)
*TERMINATED: 03/02/2026*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 01/27/2026 | 1 | PETITION for Writ of Habeas Corpus (filing fee $ 5, receipt number AMNDC−12588425) filed by Hilario Cazales Diaz. Filer requests summons issued. (Attachments: # 1 Civil Cover Sheet) (Kaczorek, Mary) (Entered: 01/27/2026) |
| 01/27/2026 | 2 | (Text−Only) CLERK'S NOTICE OF INITIAL CASE ASSIGNMENT. Case assigned to Judge Nancy E. Brasel per 3rd/4th Prisoner Alien Detainee Habeas list, referred to Magistrate Judge David T. Schultz. Please use case number 26−cv−738 (NEB/DTS).<br>**Notice: All Nongovernmental Corporate Parties must file a Rule 7.1 Corporate Disclosure Statement.**<br>(MMP) (Entered: 01/27/2026) |
| 01/27/2026 | 3 | ORDER/NOTICE TO ATTORNEY. Respondents are ENJOINED from moving Petitioner outside of Minnesota until further order of the Court, so that Petitioner may consult with counsel while the Court is considering the Petition, and so that there is no risk that removal of Petitioner from Minnesota will deprive this Court of jurisdiction over the Petition. If Petitioner has already been removed from Minnesota, Respondents are ORDERED to immediately return Petitioner to Minnesota. Signed by Judge Nancy E. Brasel on 1/27/2026. (AEW) Modified text on 1/28/2026 (ACH). (Entered: 01/27/2026) |
| 01/27/2026 | 4 | ORDER/NOTICE TO ATTORNEY. Response due by 1/29/2026. Reply due by 1/31/2026. Signed by Judge Nancy E. Brasel on 1/27/2026. (AEW) Modified text on 1/28/2026 (ACH). (Entered: 01/27/2026) |
| 01/28/2026 | 5 | NOTICE of Appearance by Julie T Le on behalf of Pamela Bondi, David Easterwood, Todd M. Lyons, Kristi Noem. (Le, Julie) (Entered: 01/28/2026) |
| 01/29/2026 | 6 | RESPONSE by Pamela Bondi, David Easterwood, Todd M. Lyons, Kristi Noem re 1 Petition for Writ of Habeas Corpus . (Le, Julie) (Entered: 01/29/2026) |
| 01/30/2026 | 7 | MEMORANDUM *Petitioner's Reply Memorandum* filed by Hilario Cazales Diaz.(Kaczorek, Mary) (Entered: 01/30/2026) |
| 01/30/2026 | 8 | DECLARATION of Eric Gruen re 7 Memorandum by Hilario Cazales Diaz . (Kaczorek, Mary) (Entered: 01/30/2026) |
| 01/30/2026 | 9 | DECLARATION of Mary Kaczorek re 7 Memorandum by Hilario Cazales Diaz . (Kaczorek, Mary) (Entered: 01/30/2026) |
| 01/30/2026 | 10 | The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. The Court: a. DECLARES that Petitioner is not subject to mandatory detention under 8 U.S.C. § |

| | | |
|---|---|---|
| | | 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary authority of 8 U.S.C. § 1226; b. ORDERS that Respondents release Petitioner from custody in Minnesota as soon as practicable with coordination or at least two hours' advance notice to counsel, but not later than 24 hours after entry of this Order; c. ORDERS that Respondents release Petitioner in Minnesota with all his personal effects, including all personal property seized during his arrest such as, but not limited to, immigration paperwork and his work permit; d. ORDERS that, within two days of release, the Respondents shall file notice on the docket confirming that release within Minnesota has occurred; and e. ENJOINS Respondents from moving Petitioner outside of Minnesota prior to Compliance with this Order. If Petitioner has already been removed from Minnesota, Respondents are ORDERED to immediately return Petitioner to Minnesota. ORDER/NOTICE TO ATTORNEY. Signed by Judge Nancy E. Brasel on 1/30/2026.(AEW) (Entered: 01/30/2026) |
| 01/30/2026 | 11 | JUDGMENT (Attachments: # 1 Civil Notice − appeal)(kt) (Entered: 01/30/2026) |
| 01/31/2026 | 12 | LETTER TO DISTRICT JUDGE by Pamela Bondi, David Easterwood, Todd M. Lyons, Kristi Noem . (Le, Julie) (Entered: 01/31/2026) |
| 03/02/2026 | 13 | First MOTION for Attorney Fees filed by Hilario Cazales Diaz. (Kaczorek, Mary) (Entered: 03/02/2026) |
| 03/02/2026 | 14 | PROPOSED ORDER TO JUDGE re 13 First MOTION for Attorney Fees filed by Hilario Cazales Diaz.(Kaczorek, Mary) (Entered: 03/02/2026) |
| 03/02/2026 | 15 | Second AFFIDAVIT of Mary Kaczorek in SUPPORT OF 13 First MOTION for Attorney Fees filed by Hilario Cazales Diaz. (Attachments: # 1 Exhibit(s) Timekeeping Records)(Kaczorek, Mary) (Entered: 03/02/2026) |
| 03/02/2026 | 16 | First AFFIDAVIT of Hilario C.D. in SUPPORT OF 13 First MOTION for Attorney Fees filed by Hilario Cazales Diaz.(Kaczorek, Mary) (Entered: 03/02/2026) |
| 03/02/2026 | 17 | (Text−Only) BRIEFING ORDER re: 13 Motion for Attorney Fees. Response due by 3/16/2026. This motion shall be handled on the paper submissions. Signed by Judge Nancy E. Brasel on 3/2/2026. (KMW) Modified text on 3/2/2026 (ACH). (Entered: 03/02/2026) |
| 03/02/2026 | 18 | NOTICE of Appearance by Jesus Cruz Rodriguez on behalf of Pamela Bondi, David Easterwood, Todd M. Lyons, Kristi Noem. (Cruz Rodriguez, Jesus) (Entered: 03/02/2026) |
| 03/02/2026 | 19 | MEMORANDUM in Support re 13 First MOTION for Attorney Fees filed by Hilario Cazales Diaz.(Kaczorek, Mary) (Entered: 03/02/2026) |
| 03/16/2026 | 20 | MEMORANDUM in Opposition re 13 First MOTION for Attorney Fees filed by Pamela Bondi, David Easterwood, Todd M. Lyons, Kristi Noem.(Cruz Rodriguez, Jesus) (Entered: 03/16/2026) |
| 07/30/2026 | 21 | ORDER granting 13 Motion for Attorney Fees. Signed by Judge Nancy E. Brasel on 7/30/2026. (KMW) (Entered: 07/30/2026) |
| 08/31/2026 | 22 | NOTICE of Appearance by David R. Hackworthy on behalf of Pamela Bondi, David Easterwood, Todd M. Lyons, Kristi Noem. (Hackworthy, David) (Entered: 08/31/2026) |
| 08/31/2026 | 23 | |

| | | |
|---|---|---|
| | | NOTICE OF APPEAL TO 8TH CIRCUIT as to 21 Order on Motion for Attorney Fees by Pamela Bondi, David Easterwood, Todd M. Lyons, Kristi Noem. (Hackworthy, David) (Entered: 08/31/2026) |
| 09/01/2026 | 24 | TRANSMITTAL OF APPEAL LETTER TO U. S. COURT OF APPEALS, 8TH CIRCUIT, Re: Notice of Appeal to 8th Circuit 23 . (ACH) (Entered: 09/01/2026) |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

HILARIO C.D.,

Petitioner,

v.

PAMELA BONDI, Attorney General; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; and DAVID EASTERWOOD, Acting Director, St. Paul Field Office Immigration and Customs Enforcement,

Respondents.

Case No. 26-CV-738 (NEB/DTS)

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

This matter is before the Court on Petitioner Hilario C.D.'s Petition for a Writ of Habeas Corpus. (ECF No. 1 ("Pet.").) Respondents do not dispute the salient facts alleged in the Petition. (ECF No. 6 at 1.[1]) Hilario C.D. is a citizen of Mexico who has entered the United States, without inspection, three times. (Pet. ¶¶ 18, 26.) He first entered the country in 1989. (*Id.* ¶ 26.) His third entry was in 2008, after returning to Mexico to visit his ailing mother. (*Id.*) He has not left the United States since 2008. (*Id.*)

[1] All page citations to the record reference ECF pagination.

Hilario C.D. has had no criminal history in the past 20 years.[2] (*Id.* 101.) In 2016, Hilario C.D. was the victim of a violent crime; he was stabbed as he and his daughter left their apartment. (*Id.* ¶ 35.) Afterwards, he applied for a U visa.[3] (*Id.* ¶ 38.) His U visa application is still pending; but, in 2022, he received a bona fide determination notice from United States Citizenship and Immigration Services, which granted him deferred action and authorization to work in the United States. (*Id.* ¶¶ 39–40.)

Hilario C.D. and his wife have four children (including one who serves in the U.S. Marine Corps), and two young granddaughters. (*Id.* ¶¶ 41–42.) He is the primary wage-earner for his household, which includes him, his wife, two of his children, and one grandchild. (*Id.* ¶ 43.)

On January 27, 2026, while Hilario C.D. was on his way to work, Immigration and Customs Enforcement ("ICE") took Hilario C.D. into custody—without a warrant. (*Id.* ¶¶ 2, 45.) The Petition alleges, upon information and belief, that he is in custody in Minnesota, but his current location is unknown. (*Id.* ¶ 46.) After his arrest, Hilario C.D. filed this habeas action challenging his detention under 28 U.S.C. § 2241.

[2] In 2000, he was put on probation for driving under the influence of alcohol. (*Id.* ¶ 28.)

[3] A U visa is a nonimmigrant status granted to certain crime victims who cooperate with and assist law enforcement in investigating or prosecuting qualifying criminal activity. *Islas-Saldana v. Garland*, 59 F.4th 927, 929 (8th Cir. 2023).

Hilario C.D. is one of hundreds of petitioners in the District who have challenged their custody. Like those petitioners, Hilario C.D. argues he has been misclassified as a detainee under 8 U.S.C. Section 1225(b)(2) of the Immigration and Nationality Act ("INA") rather than Section 1226(a). Detention is mandatory under Section 1225(b)(2), but discretionary under Section 1226(a); and Section 1226(a), unlike Section 1225, provides for a bond hearing. 8 U.S.C. §§ 1225, 1226; *see also Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (describing the legal framework of Sections 1225 and 1226).

Because he has been living in the United States since his last entry into the country, over seventeen years ago, Hilario C.D. asserts that Section 1226, rather than Section 1225, applies. He therefore argues that his detention under Section 1225(b)(2) violates the Fifth Amendment and the Administrative Procedure Act.

The Court has already concluded that petitioners similarly situated to Hilario C.D. are governed by Section 1226 rather than Section 1225. *Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312 (D. Minn. Nov. 4, 2025). Section 1225(b)(2) applies to applicants "seeking admission," but the government did not detain Hilario C.D. while he was entering the United States. Instead, he was detained while "already in the country." *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. Sections 1226(a) and (c)). So, Section 1226 applies.

The Court is not alone in its decision; rather, the majority of courts to rule on the matter—including the only federal court of appeals to weigh in on the issue—came to the same conclusion as *R.E. See, e.g.*, *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025); *Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-CV-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-CV-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *E.M. v. Noem*, 25-CV-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025).

Respondents concede that the Court's decision in *R.E.* controls Hilario C.D.'s Petition but ask the Court to reconsider its position in light of decisions from the minority viewpoint and refers the Court to Respondents' arguments in *Avila v. Bondi*, No. 25-3248 (8th Cir. Docketed Nov. 10, 2025). (ECF No. 6.) The Court recognizes, but is not persuaded by, the minority viewpoint, including the additional cases cited by Respondents; it has already considered and rejected the minority viewpoint.[4]

[4] The Court notes that Respondents' arguments to the contrary are preserved for appeal.

Nor does Hilario C.D.'s U visa application change the Court's analysis. Like numerous other courts, the Court concludes that a pending U visa application does not transform someone who has resided in the country for years into someone "seeking admission" for Section 1225 purposes. *Victor F.M. v. Bondi*, No. 25-CV-4778 (ECT/SGE), 2026 WL 25968, at *2 (D. Minn. Jan. 5, 2026) (concluding same and collecting cases).

The Court therefore grants the Petition for Writ of Habeas Corpus, but the issue of remedy remains. Hilario C.D. requests immediate release. Several courts in this District have concluded that petitioners detained by ICE without an administrative warrant, which is required by Section 1226(a), should be immediately released. *E.g.*, *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *7 (D. Minn. Jan. 5, 2026); *Juan S.R. v. Bondi*, No. 26-CV-5 (PJS/LIB) (Jan. 12, 2026), ECF No. 8 at 3–4; *see also* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.").

Hilario C.D. asserts that his arrest was warrantless. The Court ordered Respondents to produce evidence to establish the lawfulness and correct duration of Hilario C.D.'s detention in light of issues raised by the habeas petition. Respondents did not submit a warrant to support Hilario C.D.'s arrest. Because a warrant is a prerequisite to detention under Section 1226(a), and there was no warrant here, Hilario C.D.'s detention lacks a lawful predicate. *Vedat C. v. Bondi*, No. 25-CV-4642 (JWB/DTS) (D. Minn.

Dec. 19, 2025), ECF No. 9 at 6; *Chogllo Chafla v. Scott*, --- F. Supp. 3d ---, No. 2:25-CV-437, 2025 WL 2688541, at *11 (D. Me. Sept. 21, 2025), *appeal filed* (Nov. 6, 2025). The Court therefore orders the immediate release of Hilario C.D.

**CONCLUSION**

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. The Court:

   a. DECLARES that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary authority of 8 U.S.C. § 1226;

   b. ORDERS that Respondents release Petitioner from custody in Minnesota as soon as practicable with coordination or at least two hours' advance notice to counsel, but not later than 24 hours after entry of this Order;

   c. ORDERS that Respondents release Petitioner in Minnesota with all his personal effects, including all personal property seized during his arrest such as, but not limited to, immigration paperwork and his work permit;

d. ORDERS that, within **two days** of release, the Respondents shall file notice on the docket confirming that release within Minnesota has occurred; and

e. ENJOINS Respondents from moving Petitioner outside of Minnesota prior to Compliance with this Order. If Petitioner has already been removed from Minnesota, Respondents are ORDERED to immediately return Petitioner to Minnesota.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 30, 2026
Time: 8:55 p.m.

BY THE COURT:
s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge

# UNITED STATES DISTRICT COURT
## District of Minnesota

Hilario Cazales Diaz

Petitioner(s),

v.

Pamela Bondi, Todd M. Lyons, Kristi Noem, David Easterwood

Respondent(s).

**JUDGMENT IN A CIVIL CASE**

Case Number: **26-cv-738 NEB/DTS**

☐ **Jury Verdict**. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court**. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:
1. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. The Court:
a. DECLARES that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary authority of 8 U.S.C. § 1226;
b. ORDERS that Respondents release Petitioner from custody in Minnesota as soon as practicable with coordination or at least two hours' advance notice to counsel, but not later than 24 hours after entry of this Order;
c. ORDERS that Respondents release Petitioner in Minnesota with all his personal effects, including all personal property seized during his arrest such as, but not limited to, immigration paperwork and his work permit;
d. ORDERS that, within **two days** of release, the Respondents shall file notice on the docket confirming that release within Minnesota has occurred; and
e. ENJOINS Respondents from moving Petitioner outside of Minnesota prior to Compliance

with this Order. If Petitioner has already been removed from Minnesota, Respondents are ORDERED to immediately return Petitioner to Minnesota.

Date: 1/30/2026

KATE M. FOGARTY, CLERK

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

**Warren E. Burger Federal Building and U.S. Courthouse**
316 North Robert Street
Room 100
St. Paul, MN 55101

**Diana E. Murphy U.S. Courthouse**
300 South Fourth Street
Room 202
Minneapolis, MN 55415

**Gerald W. Heaney Federal Building and U.S. Courthouse and Customhouse**
515 West First Street
Duluth, MN 55802

**Edward J. Devitt U.S. Courthouse and Federal Building**
118 South Mill Street
Fergus Falls, MN 56537

## CIVIL NOTICE

**The appeal filing fee is $605.00. If you are indigent, you can apply for leave to proceed in forma pauperis, ("IFP").**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals or the Federal Circuit Court of Appeals (when applicable) from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or
2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or
3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or
4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

HILARIO C.D.,

Petitioner,

v.

TODD BLANCHE, Acting U.S. Attorney General; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; DAVID EASTERWOOD, Acting Director, St. Paul Field Office, Immigration and Customs Enforcement,

Respondents.[1]

Case No. 26-CV-738 (NEB/DTS)

ORDER ON PETITIONER'S MOTION FOR ATTORNEYS' FEES

Earlier this year, the Court granted Hilario C.D.'s petition for a writ of habeas corpus. Hilario C.D. now moves for attorneys' fees under the Equal Access to Justice Act ("EAJA").[2] Because Respondents' position, as a whole, was not substantially justified, the Court grants the motion and awards $7,700.40 in reasonable attorneys' fees.

[1] The U.S. Senate confirmed Todd Blanche as Acting Attorney General and Markwayne Mullin as Secretary of the Department of Homeland Security. Under Rule 25(d) of the Federal Rules of Civil Procedure, Blanche and Mullin are substituted as Respondents in this suit.

[2] Hilario C.D. filed this motion thirty-one days after final judgment, not within the thirty days required by statute. 28 U.S.C. § 2412(d)(1)(B). Because Respondents object to the motion solely on its merits, the Court assumes Respondents consent to the (only slightly) late filing.

## BACKGROUND

Hilario C.D. is a citizen of Mexico who, after entering the United States without inspection, has lived in the country continuously since 2008. (ECF No. 10 at 1.[3]) In January 2026, Immigration and Customs Enforcement ("ICE") arrested Hilario C.D. and took him into custody. He then filed a petition for a writ of habeas corpus with this Court. (ECF No. 1.)

The statutory question here centered on whether Hilario C.D. was properly subject to detention under 8 U.S.C. Section 1226(a) or Section 1225(b)(2). The Court concluded that Hilario C.D. was subject to detention under the discretionary authority of Section 1226(a) and, because he was arrested without a warrant, was entitled to immediate release. (ECF No. 10 at 5–6.) In its January 30, 2026 order granting that relief, the Court further ordered that Respondents release Hilario C.D. "as soon as practicable with coordination or at least two hours' advance notice to counsel" and "with all his personal effects, including all personal property seized during his arrest." (*Id.* at 6.)

Although Respondents released Hilario C.D. the next day, they nevertheless (a) failed to coordinate with counsel and (b) withheld his Minnesota Real ID and Mexican Consular ID. (ECF No. 15 ¶¶ 3–5.) Both actions violated this Court's order. As a result, counsel spent three hours waiting outside the Whipple Building, where Hilario C.D. was detained, on the day of his release. (*Id.* ¶ 4.) Over the next two weeks, counsel expended several additional hours coordinating with ICE to retrieve his identification cards. (*Id.* ¶ 7; ECF No. 15-1.)

---

[3] All page citations to the record reference ECF pagination.

## ANALYSIS

### I. Legal Standard

The EAJA provides that the prevailing party in any civil action against the United States (except those sounding in tort) must be awarded attorneys' fees unless the government's position was substantially justified or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "Once a party establishes that he or she was a prevailing party, the burden shifts to the government to prove that it was substantially justified in asserting its position." *Huett v. Bowen*, 873 F.2d 1153, 1155 (8th Cir. 1989) (per curiam). To be substantially justified, the position must have "a reasonable basis in law and fact," but it "need not be correct." *Bah v. Cangemi*, 548 F.3d 680, 683–84 (8th Cir. 2008) (quoting *Pierce v. Underwood*, 487 U.S. 552, 566, n.2 (1988)). Finally, the requested attorneys' fees must be reasonable. 28 U.S.C. § 2412(d)(2)(A).

### II. Discussion

#### *A. Substantial Justification*

Hilario C.D. prevailed in his habeas action against the United States. On January 30, 2026, this Court granted the petition and ordered his immediate release. (ECF No. 10.) Because Hilario C.D. has established that he is the prevailing party, the burden shifts to Respondents to prove that their position was substantially justified. *Bah*, 548 F.3d at 684.

When assessing whether Respondents' position was substantially justified, the Court "should make 'only one threshold determination for the entire civil action.'" *United States v. Hurt*, 676 F.3d 649, 652 (8th Cir. 2012) (quoting *Comm'r, INS v. Jean*, 496 U.S. 154, 159 (1990)). "[T]he totality of the circumstances—prelitigation and litigation—must be

considered to determine whether the position of the United States is substantially justified." *Iowa Exp. Dist., Inc. v. NLRB*, 739 F.2d 1305, 1310 (8th Cir. 1984).

Respondents contend that the government's position was substantially justified because its primary legal argument—that Hilario C.D. was subject to mandatory detention under Section 1225(b)(2)—was reasonable. (ECF No. 20 at 3.) Although the Court disagreed with the government's statutory interpretation, this legal argument had a reasonable basis in law and fact. *See, e.g.*, *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *1 (D. Minn. Jan. 5, 2026) (granting habeas relief but noting that the issue is "difficult and close"). And, of course, the Eighth Circuit has since adopted the government's interpretation of Section 1225(b)(2). *Avila v. Bondi*, 170 F.4th 1128, 1134 (8th Cir. 2026).

But the underlying legal basis for Hilario C.D.'s detention does not end the inquiry. Rather, "[t]he EAJA requires courts to consider the government's conduct leading up to the litigation in addition to its subsequent conduct." *Bah*, 548 F.3d at 684. And here, Respondents' subsequent conduct directly violated the Court's January 30 order. That order expressly required the government to release Hilario C.D. "as soon as practicable with coordination or at least two hours' advance notice to counsel" along with "all his personal effects, including all personal property seized during his arrest." (ECF No. 10 at 6.) Respondents ignored counsel's inquiries regarding the timing of the release and wrongfully withheld Hilario C.D.'s identification cards. (ECF No. 15 ¶¶ 3–5.) As a result, counsel was left waiting outside, in the Minnesota winter, for multiple hours on the day of release and spent more time coordinating with ICE to retrieve his identification cards. (*Id.* ¶¶ 4, 7; ECF No. 15-1.)

It is a "basic proposition" that "all orders and judgments of courts must be complied with promptly." *Maness v. Meyers*, 419 U.S. 449, 458 (1975); *In re Ragar*, 3 F.3d 1174, 1180 (8th Cir. 1993) (noting that "[a] court's order must, in all but the most extreme cases, be obeyed"). Respondents offer no explanation for their noncompliance; they do not even address it. This subsequent conduct lacks any reasonable basis in law or fact. *See Adriana M.Y.M. v. Easterwood*, No. 26-CV-213 (JWB/JFD), 2026 WL 1786122, at *2 (D. Minn. June 22, 2026) (granting EAJA fees when the government failed to account for, among other things "the circumstances surrounding the delay in complying with the release order").

Hilario C.D.'s counsel spent hours responding to the government's violations of a court order. Denying fees in this case would create exactly the financial disincentive the EAJA was designed to alleviate, discouraging attorneys from providing support to clients like Hilario C.D. *Jean*, 496 U.S. at 163 (noting that the core purpose of the EAJA is "to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions"). Thus, the Court concludes that the government's position, as a whole, was not substantially justified; Hilario C.D. is entitled to attorneys' fees.

### *B. Reasonableness*

The Court next turns to whether the requested fees are reasonable. 28 U.S.C. § 2412(d)(2)(A). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

***Rate.*** Under the EAJA, attorneys' fees "shall not be awarded in excess of $125.00 per hour" unless "an increase in the cost of living or a special factor" justifies a higher

fee. 28 U.S.C. § 2412(d)(2)(A). Hilario C.D. seeks an upward adjustment from the statutory maximum to $261.12 per hour based on a cost-of-living adjustment. (ECF No. 19 at 15 (citing the United States Bureau of Labor Statistics' Consumer Price Index Summary).) This requested base rate reasonably reflects inflation and is consistent with adjustments for the cost of living that are commonly awarded in this District. *See, e.g.*, *Adriana M.Y.M.*, 2026 WL 1786122, at *2 (awarding base rate of $261.12 per hour); *Jafet L.C. v. Blanche*, No. 26-CV-903 (DWF/EMB) (D. Minn. May 15, 2026), ECF No. 20 (same); *Marcelino J.U. v. Noem*, No. 26-CV-862 (SRB/SGE) (D. Minn. Mar. 25, 2026), ECF No. 27 (same). Hilario C.D. also seeks a lower adjusted rate of $210.00 for the legal assistant and accredited representative supporting his case, who also provided interpreter services. (ECF No. 19 at 16; ECF No. 15 ¶¶ 7, 9.) Respondents do not object; the Court concludes that this rate is reasonable as well.

***Hours.*** Hilario C.D.'s attorneys represent that they spent 20 total attorney hours and 11.8 legal assistant hours on this case. (ECF No. 15 ¶ 13.) Respondents do not object to the requested rate but vaguely assert that the Court reduce the award because the interpretive issue, albeit difficult and close, was not novel or complex. (ECF No. 20 at 8.) The Court concludes that this amount of time is reasonable. Other courts have awarded attorneys' fees for just over twenty hours of work on a habeas petition challenging immigration detention. *See, e.g.*, *Ibrahim v. Barr*, No. 18-CV-1883 (PAM/BRT), 2019 WL 1487850, at *3 (D. Minn. Apr. 4, 2019); *Marlon M.M. v. Easterwood*, No. 26-CV-106 (NEB/ECW) (D. Minn. May 5, 2026) (same). And the legal assistant's hours were largely dedicated to coordinating with ICE to retrieve Hilario C.D.'s identification cards—time expended only because Respondents violated the Court's release order. (*See* ECF No. 15-1.) These hours, too, are reasonable.

The Court awards Hilario C.D. reasonable attorneys' fees of $7,700.40 (($261.12 (attorney rate) x 20 (attorney time)) + ($210.00 (legal assistant rate) x 11.8 (legal assistant time))).

**CONCLUSION**

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Hilario C.D.'s Motion for Attorneys' Fees (ECF No. 13) is GRANTED; and

2. Hilario C.D. is AWARDED reasonable attorneys' fees of $7,700.40, as authorized by 28 U.S.C. Section 2412(d).

Dated: July 30, 2026

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 0:26-cv-00738-NEB-DTS

Hilario Cazales Diaz,

Petitioner,

**NOTICE OF APPEAL**

v.

Pamela Bondi, *et al.,*

Respondents.

NOTICE is hereby given that the Federal Respondents appeal to the United States Court of Appeals for the Eighth Circuit from the Order Granting Petitioner's Motion for Attorney Fees in a Civil Case entered by the United States District Court for the District of Minnesota on July 30, 2026, (ECF No. 21).

Dated: August 31, 2026

DANIEL N. ROSEN
United States Attorney

*s/ David R. Hackworthy*
David R. Hackworthy 0400704
Special Assistant U.S. Attorney
District of Minnesota
600 U.S. Courthouse
300 South 4th Street
Minneapolis, MN 55415
Phone: (945) 381-4861
David.r.hackworthy@ice.dhs.gov

Attorneys for Federal Respondents

# UNITED STATES
# DISTRICT COURT
# DISTRICT OF MINNESOTA

**Warren E. Burger Federal Building and U.S. Courthouse**
316 North Robert Street
Room 100
St. Paul, MN 55101

**Diana E. Murphy U.S. Courthouse**
300 South Fourth Street
Room 202
Minneapolis, MN 55415

**Gerald W. Heaney Federal Building and U.S. Courthouse and Customhouse**
515 West First Street
Duluth, MN 55802

**Edward J. Devitt U.S. Courthouse and Federal Building**
118 South Mill Street
Fergus Falls, MN 56537

## TRANSMITTAL OF APPEAL

Date: August 21, 2026

To: U.S. COURT OF APPEALS, 8TH CIRCUIT

From: Amy, U.S. District Court-Minnesota

In Re: District Court Case No.: 26-cv-738 NEB/DTS
Eighth Circuit Case No.: Not yet assigned
Case Title: Cazales Diaz v. Blanche et al

The statutory filing fee has:

☐been paid, receipt number:
☐not been paid as of
IFP ☐is ☐is not pending, denied
☒been waived because:
☒ USA filed appeal

Length of Trial: N/A

Was a court reporter utilized? ☐Yes ☒No
If yes, please identify the court reporter: